IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

SHARESE M. WELLS, as Administrator   :
for the Estate of Robert K. Chambers,   :
                                        :
      **Plaintiff,**          :
                                        :
**v.**                                  :
                                        :   No. 5:13-CV-24 (CAR)
CULLEN TALTON, in his official          :
capacity as Sheriff of Houston County,  :
and STEVEN GLIDDEN, in his              :
individual capacity,                    :
                                        :
      **Defendants.**        :
_____ :

## ORDER ON MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED.R.CIV.P. 59(e) OR, IN THE ALTERNATIVE, FOR RELIEF FROM FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 60(b)

Before the Court is Plaintiff's Motion for Reconsideration [Doc. 36] of this Court's Order granting Defendants' Motion for Summary Judgment on Plaintiff's 42 U.S.C. § 1983 claim of excessive force in violation of the Fourth and Fourteenth Amendments [Doc. 32].  In that Order, the Court found Defendants were protected by qualified immunity and thus entitled to summary judgment.  Plaintiff now requests this Court reconsider its findings.  Plaintiff also filed a Motion to Amend [Doc. 48] the Motion for Reconsideration in order to supplement the statement of facts based on evidence recently uncovered.  After careful consideration, Plaintiff's Motion to Amend [Doc. 48] is **GRANTED**, and Motion for Reconsideration [Doc. 36] is **DENIED**.

532213abfcbc889a

**Motion to Amend**

On September 2, 2015, Plaintiff filed a Motion to Alter or Amend the Judgment

Pursuant to Fed.R.Civ.P. 59(e), or, in the alternative, for Relief from Final Judgment

Pursuant to Fed.R.Civ.P. 60(b).[1]  On October 1, 2015, Plaintiff filed an Amended Motion,

seeking to supplement the statement of facts based on newly discovered evidence.[2]

Defendants argue Plaintiff's Amended Motion is in effect an additional Motion to Alter

or Amend and, therefore, should be denied as untimely under Fed.R.Civ.P. 59(e).[3]  The

Court disagrees.

Rule 59(e) requires a motion to alter or amend judgment to be filed no later than

28 days after entry of judgment.  Plaintiff's first Motion was filed within this time frame,

and the second Motion was filed a month later.  Plaintiff's second Motion only seeks to

supplement the statement of facts and support the arguments already presented in her

first Motion.  Additionally, Defendants have had an opportunity to fully brief both

Motions, and therefore, there is no prejudice to Defendants in allowing Plaintiff to

supplement her statement of facts.  Thus, Plaintiff's Amended Motion is simply a

Motion for Leave to Supplement and not an additional Motion to Alter or Amend the

Judgment.[4]   As such, the Amended Motion to Supplement [Doc. 48] the statement of

---

[1] [Doc. 36].

[2] [Doc. 48].

[3] Fed.R.Civ. 59(e) requires a Motion to Alter or Amend Judgment to be filed within 28 days of the Court's Order.  Plaintiff's first Motion was filed 27 days after the Court's Order.

[4] *See, e.g., Marsh v. Dep't of Children and Families*, No. 2:03-cv-162-FTM-26SPC, 2006 WL 2644917, at *1 (M.D. Fla. Sept. 14, 2006).

facts is **GRANTED**, and the Court will review the Motion for Reconsideration as supplemented by the Amended Motion under Fed.R.Civ.P. 59(e).[5]

## Motion for Reconsideration

### *Background*

Plaintiff Sharese M. Wells, as the Administrator for Robert K. Chambers Estate, brought 42 U.S.C. § 1983 claims against Defendants Deputy Steven Glidden and Sheriff Cullen Talton for the fatal shooting of her son, Robert Chambers.  In August 2015, the Court granted Defendants' Motion for Summary Judgment, finding Deputy Glidden was protected by qualified immunity because his use of deadly force was reasonable under the circumstances and did not violate clearly established law.  Additionally, the derivative claims against Sheriff Talton and the state law wrongful death claims were dismissed.[6]

Plaintiff now seeks reconsideration, claiming there is newly discovered evidence that creates genuine issues of material fact, and thus, it would be a manifest injustice for the Court to uphold its previous grant of summary judgment.  Specifically, Plaintiff alleges the scene was tampered with, evidence was planted, and Glidden's account of the events is incredible.  Plaintiff contends Chambers did not commit either burglary at

---

[5] Additionally, Plaintiff brought a Motion for Relief from Final Judgment under Rule 60(b), which allows Plaintiff a year to file the Motion after the Court's original order.  Thus, Plaintiff would be allowed to file an Amended Motion under Rule 60(b), and, for purposes of this Motion, the analysis pursuant to Rule 60(b) would result in the same outcome.  Therefore, there is no prejudice to Defendants to analyze Plaintiff's Motion under Rule 59(e).

[6] *Wells v. Talton*, No. 5:13-CV-24(CAR), 2015 WL 4656508, at *4 (M.D. Ga. Aug. 5, 2015).

1613 Sweetwater Drive, Warner Robins, Georgia, and the Houston County Sheriff's Office framed Chambers for these burglaries to protect Deputy Glidden.  To support these allegations, Plaintiff has attached over 50 exhibits, which the Court will briefly summarize.

First, Plaintiff presents three new affidavits from Chambers' family members, which state Chambers was visiting family in Eastman, Georgia from January 12, 2011, to January 22, 2011 and was not in town during the first burglary; Chambers often walked to the Five Star Nissan in the mornings to ask for work and was possibly walking back from the Five Star Nissan the morning of the second burglary; and Chambers was right-handed, and thus would not carry a gun in his left pocket.[7]  Second, Plaintiff provides the incident report and photos from the first burglary that occurred on January 12, 2011.[8]  Third, Plaintiff attaches both the Houston County Sheriff's Office and the Georgia Bureau of Investigation ("GBI")'s incident reports, photos, and maps from the second burglary and the scene of Chambers' death.[9]  Also, in Plaintiff's Motion to Supplement, she presents more photos taken by the Houston County Sheriff's Office and the GBI, including pictures of Chambers' phone found in the burglarized home,

---

[7] Aff. of Sharese M. Wells, [Doc. 36-2]; Aff. of Ka'Treana Jackson, [Doc. 36-3]; Aff. of Stevphone Rawls, [Doc. 36-4].  Officer Glidden states the butt of the pistol was in Chambers' left jacket pocket when he saw the gun. Glidden Depo., [Doc. 30] at p. 53:2-10.

[8] Exs. 40-57, [Doc. 48].

[9] See Exs. 1-3, [Doc. 37]; Exs. 4, 7-8, [Doc. 38]; Exs. 9-14, [Doc. 39]; Exs. 15-21, [Doc. 40]; Exs. 22-28, [Doc. 41]; Exs. 29-36, [Doc. 42]; Exs. 37-39, [Doc. 43].

and the gun found at the scene.[10]   Finally, Plaintiff attaches posts from Deputy Glidden's Facebook account, mugshots of a man Plaintiff argues is the actual burglar, and internet images of the same type of gun found at the scene.[11]   Based on this evidence, Plaintiff now seeks reconsideration of the Court's Order granting summary judgment to Defendants.

## *Legal Standard*

Local Rule 7.6 provides that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[12]  "[I]t is well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly."[13]   Accordingly, the Court should only grant these motions in three limited circumstances: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered; or (3) reconsideration is needed to correct clear error or prevent manifest injustice.[14]   "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined.  Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a

---

[10] Exs. 40-44, 46-52, [Doc. 48].

[11] Exs. 45, 53-57, [Doc. 48]. The Court notes this is a summarization of the exhibits and does not specifically list each exhibit attached to Plaintiff's Motion.

[12] M.D. Ga. L. R. 7.6.

[13] *Krstic v. Princess Cruise Lines, Ltd. (Cor)*, 706 F.Supp.2d 1271, 1282 (S.D. Fla. 2010) (internal quotation marks omitted).

[14] *Ctr. for Biological Diversity v. Hamilton*, 385 F.Supp.2d 1330, 1337 (N.D. Ga. 2005).

litigant's pleasure."[15]   Ultimately, "[w]hether to grant a motion for reconsideration is within the sound discretion of the district court."[16]

*Discussion*

Plaintiff argues reconsideration is authorized due to newly discovered evidence and the need to correct error or prevent manifest injustice.  Defendants argue first, that Plaintiff points to evidence that was readily available during the extended discovery period, and second, even if it is newly discovered evidence, such evidence fails to create any genuine issue of material fact as to Defendants' qualified immunity.  The Court agrees.

<u>Newly Discovered Evidence</u>

When bringing a Rule 59(e) motion based on new evidence, "the movant must show either that the evidence is newly discovered or, if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence."[17]   A Rule 59(e) motion is inappropriate when it is used to "relitigate old matters, raise argument or *present evidence that could have been raised prior to the entry of judgment*."[18]

---

[15] *Am. Ass'n of People with Disabilities v. Hood,* 278 F.Supp.2d. 1337, 1340 (M.D. Fla. 2003) (quotation and citation omitted).

[16] *Anderson v. Francis*, No. 1:10–cv–3212–WSD, 2014 WL 2808218, at *3 (N.D. Ga. Aug. 17, 2015).

[17] *Chery v. Bowman*, 901 F.2d 1053, 1057 n.6 (11th Cir. 1990).

[18] *Michael Linet, Inc. v. Village of Wellington, Fla*., 408 F.3d 757, 763 (11th Cir. 2005) (emphasis added); *see also Bryan v. Murphy*, 246 F.Supp.2d 1256, 1259 (N.D. Ga. 2003) (stating that a party's motion for reconsideration "must be denied" if it repackages past arguments or fails to provide a reason that new legal theories or evidence were available, but not raised earlier in the litigation).

*Affidavits*

Plaintiff submits the three affidavits as "newly discovered evidence" to support her Motion, stating each affidavit "is necessary and significant, and took a great amount of effort to retrieve."[19]   However, one affidavit is from Plaintiff herself, and the other two affidavits are from Chambers' cousin and sister, Stevphone Rawls and Ka'Treana Jackson.[20]   Plaintiff does not explain why this evidence could not have been raised prior to entry of judgment or why it took a great amount of effort to retrieve.[21]   The affidavits presented are not the type of newly discovered evidence that justifies reconsideration of an earlier order.

Even considering the affidavits as newly discovered evidence does not change the result of the Court's original Order.   Assuming Chambers was out of town when the first burglary occurred and often walked through the wooded area behind the burglarized home to go to the Nissan dealership, does not change the determination that Deputy Glidden's actions were reasonable in light of the circumstances confronting him.[22]   When Glidden encountered Chambers on the day of the second burglary, he

---

[19] Pl.'s Mtn. to Alter or Amend the Judgment, [Doc. 36] at 21.

[20] Aff. of Sharese M. Wells, [Doc. 36-2]; Aff. of Ka'Treana Jackson, [Doc. 36-3]; Aff. of Stevphone Rawls, [Doc. 36-4].

[21] *See Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) ("We join those circuits in holding that where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.").

[22] *See Frantz v. Walled*, 513 F. App'x 815, 822 (11th Cir. 2013) (per curiam) ("A Rule 59(e) motion based on newly discovered evidence should not be granted unless the movant demonstrates the materiality of the new evidence."); *see also Caraway v. Secretary, U.S. Dep't of Trans*, 550 F. App'x 704, 710 (11th Cir. 2013) (per curiam) ("A district court should only grant a motion for reconsideration on the basis of newly

knew the suspect was possibly armed with a pistol and saw the butt of the pistol in Chambers' jacket pocket.[23]   The affidavits do not create a genuine dispute of material fact regarding the encounter between Deputy Glidden and Chambers that led to the Court's qualified immunity determination.

*Evidence of a "Different" Gun*

Next, Plaintiff claims she has "marshalled new evidence" that establishes genuine issues of material fact regarding whether the gun found at the scene of Chambers' death was the gun stolen from the burglarized home.  Plaintiff claims the gun found at the scene was planted by police and is actually a different gun than the one reported missing.  However, Plaintiff's own evidence confirms it was the same gun.[24]  Plaintiff claims the gun reported missing was a "Black Taurus, Model PT 145, .45 Caliber" pistol, but the gun found at the scene was a "Blue Steel, Taurus Model PT 145 *Millennium Pro*, .45 Caliber" pistol.[25]  However, the original description of the gun was taken from the owner of the burglarized home, not the owner of the gun.[26]  Shortly after the burglary, Officer Pennycuff contacted the owner of the stolen gun and confirmed it

---

discovered evidence when the evidence is 'such that a new trial or reconsideration of the final judgment or order would probably produce a new result.'" (quoting *In re Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 685 F.3d 987, 1001 (11th Cir. 2012)).

[23] Glidden Depo., [Doc. 30] at p. 51:18-21, 53:2-9.

[24] Ex. 7, [Doc. 38-4] (Cpl. Greg Pennycuff's report states, "I later spoke to Antoinius White, by phone Mr. White advised me that the firearm stolen from their resident on this date was a black Taurus Millennium Pro PT145/.45 ACP caliber, compact semi-auto pistol. This was the same type of firearm recovered from the incident location."); *see also* Pennycuff Depo., [Doc. 31] at p. 39:7-11.

[25] Ex. 40, [Doc. 48-4].  The Court notes these two guns are very similar, but were just manufactured in different years.  The main visible difference in the guns is the word "Millennium" and "pro" written on the gun. *See* Ex. 41, [Doc. 48-5]; Ex. 42, [Doc. 48-6]; Ex. 43, [Doc. 48-7]; Ex. 44, [Doc. 48-8].

[26] Ex. 7, [Doc. 38-4]; Ex. 14, [Doc. 39-6].

was the same gun found at the scene, a Taurus Model PT 145 Millennium Pro, .45 Caliber pistol.[27]  Thus, this "newly discovered evidence" argument fails.

### Failure to Investigate Suspect and Tampering with Evidence

Additionally, Plaintiff claims genuine issues of material fact exist as to whether the Houston County Sheriff's Office tampered with evidence and possibly knows who the "true burglar" is.  Plaintiff points to photos taken by the Houston County Sheriff's Office and the GBI, arguing there are inconsistencies between the two sets of photos that clearly shows the Houston County officers tampered with evidence and framed Chambers.[28]  Plaintiff also argues the remaining evidence–the police reports, photos, and maps—support her theory that Chambers was framed.  Plaintiff even includes information regarding a potential suspect the police identified, claiming the police possibly know the identity of the "true burglar" and did not investigate him.[29]

Though the Court is "required to draw all reasonable inferences in favor of the non-moving party," it is not required to draw "all possible inferences" in favor of the non-moving party.[30]   The evidence Plaintiff presents is speculative and does not

---

[27] Ex. 7, [Doc. 38-4]; *see also* Pennycuff Depo., [Doc. 31] at p. 39:7-11.

[28] Ex. 11, [Doc. 39-3]; Ex. 18, [Doc. 40-4]; Ex. 24 [Doc. 41-3]; Ex. 46, [Doc. 48-10]; Ex. 48, [Doc. 48-12]; Ex. 49, [Doc. 48-13].

[29] Ex. 56, [Doc. 48-20] (The GBI report describing an interview with Sheriff Branch: "After clearing the residence, the deputies backed out and were waiting on the Criminal Investigative Division to show up…. Branch had an active warrant for [the suspect, or alleged "true burglar"], who was known to be in the area of the burglary.  Branch and Hinson then went over to … check and see if there was anyone suspicious in the area. Branch and Hinson had negative contact with anyone.  Branch then heard Glidden call "shots fired."); *see also* Ex. 50, [Doc. 48-14]; Ex. 51, [Doc. 48-15]; Ex. 52, [Doc. 48-16]; Ex. 53, [Doc. 48-17]; Ex. 54, [Doc. 48-18]; Ex. 55, [Doc. 48-19]; Ex. 57, [Doc. 48-21].

[30] *Horn v. United Parcel Servs., Inc.*, 433 F. App'x 788, 796 (11th Cir. 2011).

establish any agreement between the officers to plant a gun at the scene and frame Chambers for the burglary.[31]   Further, Plaintiff has not presented any evidence connecting this suspect to the burglary, and simply having a potential suspect in mind, the alleged "true burglar," does not affect the Court's determination that Officer Glidden's actions were reasonable under the circumstances.  Plaintiff's "new evidence" fails to establish any genuine issue of material fact as to qualified immunity.  Therefore, reconsideration based on this evidence is not appropriate.

Moreover, all of the evidence was available to Plaintiff prior to final judgment, and the arguments could have been raised in Plaintiff's response to Defendants' Motion for Summary Judgment.[32]   Accordingly, Plaintiff's Motion for Reconsideration based on newly discovered evidence is **DENIED**.

<u>Manifest Errors of Law or Fact</u>

Plaintiff also argues the Court erred in granting Defendants' Motion for Summary Judgment because it did not properly construe the facts in favor of the non-movant.  Plaintiff claims "nearly every fact, including all material facts, relied upon by

---

[31] *See Snair v. City of Clearwater*, 817 F.Supp. 108, 113 (M.D. Fla. 1993) ("Speculative evidence is insufficient to enable the nonmoving party to avoid summary judgment. There must be sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." (internal citations omitted)).  The Court also notes Plaintiff presents evidence that does not support her claims of officers tampering with evidence and framing Chambers.  *See* Ex. 14, [Doc. 39-6] (Prior to Officer Gliddens' arrival, "[Officer Parker] had Mr. Brown walk into the residence and see if anything had been moved in his residence.… Mr. Brown noticed a black bag and a cell phone which did not belong at this residence and stated it had to be the burglars property.")

[32] *See Michael Linet, Inc.*, 408 F.3d at 763.

the Court is in dispute."[33]  Specifically, Plaintiff alleges the Court misinterpreted the law by assuming the following as fact: (1) Officer Glidden was warned the suspect was possibly armed; (2) Glidden saw a gun; (3) Chambers and Glidden struggled; (4) Chambers pulled on Glidden's pistol; (5) Glidden received a "shock" from the taser; (6) Glidden was on his knees when he shot Chambers; and (8) Chambers attempted to pull his gun on Glidden.  Plaintiff contends it is apparent Glidden lied, and thus, his account of the events should be discredited.  The Court is unconvinced by Plaintiff's arguments.

It is true that when the officer is the only surviving witness, the Court "must also look at the circumstantial evidence that, if believed, would tend to discredit the police officer's story, and consider whether this evidence could convince a rational factfinder that the officer acted unreasonably."[34]  Plaintiff attempts to prove the gun was planted and Chambers was framed for the burglary, which would show Chambers was unarmed and Glidden acted unreasonably.  However, as mentioned above, Plaintiff fails to create any genuine issue of material fact as to these arguments.  The gun found at the scene was confirmed to be from the burglarized home in both Officer Pennycuff's initial report and again in his deposition,[35]  and the remaining evidence Plaintiff presents is all merely speculative and fails to show Glidden acted unreasonably after seeing a gun in Chambers' pocket.

---

[33] Pl.'s Mtn. to Alter or Amend the Judgment, [Doc. 36] at  23.
[34] *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994).
[35] Ex. 7, [Doc. 38-4]; Pennycuff Depo., [Doc. 31] at p. 39:7-11.

Plaintiff points to *Tolan v. Cotton* to support her argument that the Court decided disputed issues and credited evidence in favor of Defendants.[36]  However, that case is distinguishable from our case.  In *Tolan*, both the plaintiff and his mother offered an account of the events that contradicted the officer's statements, yet the court failed to credit the evidence that supported the plaintiff and his mother's account.[37]  Thus, the Supreme Court found the court "improperly 'weigh[ed] the evidence' and resolved disputed issues in favor of the moving party."[38]  Here, Plaintiff cannot point to any similar evidence.  There are no witnesses directly contradicting Deputy Glidden's statements as in *Tolan*, nor is there any circumstantial evidence to refute his account. Plaintiff argues there are inconsistencies in Glidden's statements, but the slight differences Plaintiff points out are just the natural result of describing the same set of events on three separate occasions.[39]  Deputy Glidden's account of what occurred that day does not change or contradict itself, and there is evidence supporting Glidden's statements.[40]

Ultimately, Plaintiff creates an elaborate conspiracy theory that is just that, a theory.  Plaintiff fails to present evidence creating a genuine dispute of fact regarding

---

[36] __ U.S. __, 134 S. Ct. 1861 (2014).

[37] *Id.* at 1866-68.

[38] *Id.* at 1866.

[39] *See* Ex. 16, [Doc. 40-2].

[40] *See, e.g.,* Ex. 18, [Doc. 40-4] (pictures of the gun found at the scene of the struggle); DVD: Taser Video [Doc. 22] (showing the taser was dropped); Ex. 14, [Doc. 39-6] ("[Officer Parker] advised all units in the area to use caution do to the weapon which may have been take from [the] residence." This occurred before Officer Parker heard an argument and then a gunshot.)

the material facts the Court relied on in its decision: that Glidden saw the gun in Chambers' pocket; Chambers failed to comply with orders and ran away from Glidden; and Glidden believed Chambers had committed a serious crime and posed a threat of serious physical harm to the other officers in the area. As originally determined by the Court—an objectively reasonable officer possessing the same knowledge as Glidden could have believed the use of deadly force against Chambers was justified to prevent serious injury to the surrounding officers.

Additionally, Plaintiff reiterates many of the same arguments this Court has already considered.[41] Plaintiff also attempts to offer new theories based on evidence known prior to the Court's final judgment to claim there is a manifest error of law and fact. "A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion."[42]

---

[41] For example, Plaintiff points to the lack of fingerprint analysis and argues this should have been construed in favor of Plaintiff to show Chambers was not the burglar, evidence was planted, and Glidden is lying. However, this issue was already addressed in the Court's Order. *Wells v. Talton*, No. 5:13-CV-24(CAR), 2015 WL 4656508, at *4 (M.D. Ga. Aug. 5, 2015) ("The Court will not draw any inference in favor or either party based on lack of DNA or fingerprint evidence when there is no indication the gun was even tested for such prints."). Plaintiff has not presented any evidence from the GBI or the Houston County Sheriff's Office that fingerprint testing was done; thus, Plaintiff is presenting the same argument as before. "A Rule 59(e) motion may not be used to relitigate old matters or repackage arguments already raised before the Court." *Daker v. Warren*, No. 1:10–CV–03815–RWS, 2012 WL 2403437, at *4 (N.D. Ga. June 25, 2012); *see also Anderson*, No. 1:10-cv-3212-WSD, 2015 WL 4910561, at *4 ("A motion for reconsideration is not the appropriate vehicle to revisit this issue, which Plaintiff had ample opportunity to address before judgment was entered.")

[42] *Anderson*, No. 1:10–cv–3212–WSD, 2014 WL 2808218, at *3 (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam); *see also Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Engineers*, 916 F.Supp. 1557, 1560 (N.D. Ga. 1995) ("A motion for reconsideration is not an opportunity for

After a thorough review of the record and all the arguments, the Court finds the qualified immunity determination has not changed, and there is no manifest error of fact or law to correct.   Accordingly, Plaintiff's Motion for Reconsideration based on manifest error of fact or law is **DENIED**.

### CONCLUSION

After thoroughly considering the Motion and relevant case law, the Court finds Plaintiff has not made the requisite showing that the law has changed, new evidence has been discovered, the Court made a clear error of law, or the Order was manifestly unjust.  Although, Plaintiff's Motion to Supplement [Doc. 48] is **GRANTED**, because no grounds exist for reconsideration, her Motion to Alter or Amend the Judgment [Doc. 36] is **DENIED**.

SO ORDERED, this 1st day of June, 2016.

C. Ashley Royal
C. ASHLEY ROYAL,
UNITED STATES DISTRICT JUDGE

CML/ssh

---

the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").